### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO
### CIVIL ACTION NO. 4:07CV-P43-M

**DOUGLAS RAY FULTZ**                                                                 **PLAINTIFF**

**v.**

**TREVOR SCOTT et al.**                                                                **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Douglas Ray Fultz, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

The plaintiff sues Kentucky State Police Officers Trevor Scott and Timothy Payne; McLean County Deputy Sheriffs Chuck Payne, Jeff Palmer, and Todd Wilkerson; and McLean County Sheriff Frank Cox in their individual and official capacities.  He alleges that due to the defendants' deliberate indifference a "state-created danger" evolved leaving the plaintiff to defend himself.  The plaintiff's complaint alleges a series of events which led up to the plaintiff shooting and killing Mr. Spyridon Armenis on December 11, 2005, despite the plaintiff's attempts to engage the defendants' protection from Armenis's threatening actions against him.  The plaintiff states that he alleged self-defense at his trial following Armenis's death but was found guilty of second-degree manslaughter and sentenced to ten years in prison.  As relief, he requests $400,000 in monetary damages and $100,000 in punitive damages.

### II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer,

or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Id.* (internal quotation marks and citations omitted).

Here, the plaintiff's complaint fails to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).  The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

2

> state tribunal authorized to make such a determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted).  If a ruling on a § 1983 claim would necessarily imply the invalidity of any outstanding criminal judgment against the plaintiff, the § 1983 claim must be dismissed, not for lack of exhaustion of state remedies, but because it is simply not cognizable until the criminal judgment has been terminated in the plaintiff's favor.  *Id.* at 487.  The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'"  *Id*. at 484 (citation omitted).

In the present case, the plaintiff was convicted of manslaughter, despite his asserted defense of self defense.  This conviction arose out of the facts upon which the plaintiff bases his constitutional claims against the defendants in the present action.  Thus, in the present case, if this Court were to find for the plaintiff that the defendants' deliberate indifference caused the plaintiff to have to defend himself, this would necessarily render his conviction invalid.  "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ."  *Id*. at 486.  There is no evidence that the plaintiff's criminal conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  Therefore, the plaintiff's action is not cognizable.  *See Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005) (holding that success on excessive-force claim would necessarily imply the invalidity of state assault conviction as the struggle between plaintiff and defendants gave rise to

3

both the assault conviction and the excessive-force claim); *Nelson v. Olney*, No. 97-2191, 1999 WL 96746, at *1 (6th Cir. Feb. 3, 1999) (holding that prisoner's claim that corrections officer failed to protect him from assault by another inmate barred by *Heck* where prisoner had been found guilty of assault).

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate order, dismiss the plaintiff's complaint for failure to state a claim.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        McLean County Attorney
4414.009

4